L. T. ALFORD AND SALLIE BROWNING, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed July 26, 1918.

1. In a prosecution against a man and a woman for living in an open state of adultery, proof that one of the parties so living is married is sufficient to establish the guilt of both.

2. When a man and a woman who are not married to each other, occupy a small house together, sleeping in the same room and in the same bed, and who continue such relations for a month, and there is evidence showing illicit connection between them, and one of the parties is married, such facts are deemed sufficient to establish their guilt upon an indictment charging them with living in an open state of adultery.

Writ of Error to Circuit Court for DeSoto County, John S. Edwards, Judge.

Judgment affirmed.

*Timberlake & Robbins,* for Plaintiffs in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The Plaintiffs in Error were indicated and convicted for living together in an open state of adultery. They seek here to reverse the judgment upon the ground that the evidence adduced at the trial was not sufficient to support the verdict.

The Section of the General Statutes of Florida which denounces the offense of adultery provides that if either of the parties living in an open state of adultehy is married, both parties so living shall be deemed to be guilty of the offense of living in an open state of adultery. Sec. 3518, Gen. Stats. 1906, Compl. Laws 1914.

We think there was sufficient evidence to support the verdict although the adulterous cohabitation of the parties was not established by positive or direct testimony. Without undertaking to review in detail the evidence that was before the Jury, it tended to show that the parties occupied together a small house in Arcadia. The man went to the house at night and left in the morning. He did this continuously for a month or longer. He slept at the house and when he was arrested at about eleven o'clock one night, he was occupying a bed in one room which had the appearance of having been occupied that night by two people. In the adjoining room through an open door the woman was seen apparently asleep upon

a bed into which had seemingly made a hasty retirement. The evidence of her precipitous exit from the room of the man and her unexpected occupancy of the bed in the adjoining room was persuasive of a fact sufficient to show illicit intercourse between the two. They lived openly together in the house which was rented by him from the owner and at times the woman was spoken to in his presence as his wife. He was married to another woman and there was evidence to show the illegal character of the relations between the defendants.

The Jury were the judges of the credibility of the witnesses and the weight to be given their testimony. Assuming that the Jury believed the testimony of the witnesses and disbelieved a good portion of the defendant, L. T. Alford's testimony, there is no ground upon which their verdict should be disturbed.

So the judgment is affirmed.

BROWNE, C. J. AND TAYLOR, WHITFIELD AND WEST, J. J., concur.